**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**TREVOR FITZGERALD, SONIA**
**FITZGERALD and BEN W.**
**FITZGERALD, Individually**

      **Plaintiffs,**

**v.**                                                                    **Case No: 5:13-CV-36-Oc-PRL**

**REGIONS BANK and ANY AND ALL**
**UNKNOWN PARTIES**

      **Defendants.**

_____

## **ORDER**

On December 21, 2012, Plaintiffs filed an "Amended Verified Complaint to Quiet Title" against Defendant.[1]  The Complaint was filed in state court.  Subsequently, on January 24, 2013, Defendant removed the case to this Court, pursuant to 28 U.S.C. § 1332.  (Doc. 1).[2]

This case is now before the Court on Defendant's motion to dismiss or in the alternative for summary judgment (Doc. 5), Plaintiffs' response in opposition (Doc. 15), Defendant's reply (Doc. 20), and Defendant's motion for sanctions (Doc. 19).  The parties consented to have a United State magistrate judge conduct all proceedings in this case, which was approved by the District Judge.  (Docs. 29-30).

For the reasons discussed below, the Court finds that Defendant's motion to dismiss should be granted, as set forth herein.  The Court, however, will afford Plaintiffs **one** opportunity

---

[1] Notably, on March 15, 2013, the Court entered an Order directing the Clerk to remove Ms. Bosecker as counsel of record because she was not admitted to the Bar of this Court (Doc. 21).  Ms. Bosecker has now been admitted to the Bar of the Middle District of Florida, and she filed a Notice of Appearance on behalf of Plaintiffs on March 29, 2013 (Doc. 24).

[2] On February 19, 2013, Plaintiffs filed a motion to remand (Doc. 13), which the Court denied on May 7, 2013 (Doc. 28).

to file an amended complaint; and thus, Defendant's motion for summary judgment and motion for sanctions are due to be denied at this time.

## I. BACKGROUND[3]

Plaintiffs allege that they are the owners of a parcel of land located at 10045 SE 42nd Court, Belleview, Florida 34420 (the "Property"), and that they are also currently in possession of the Property.  Plaintiffs contend that they obtained title to the Property from a Warranty Deed that was recorded on June 29, 2010.  (Doc. 2, Exh. A).  Plaintiffs claim clouds exist on their title to the Property based on the following purported transactions.

On June 29, 2010, Defendant recorded a mortgage on the Property.  (Doc. 2, Exh. B). According to the mortgage, Defendant purported to lend to Plaintiffs $143,073.00, secured by the Property.  Plaintiffs allege that they have repeatedly demanded that Defendant prove that Defendant lent Plaintiffs any sum of money, and have demanded that Defendant remove, satisfy, and release the purported mortgage.  (Doc. 2, Exh. C).  Plaintiffs further allege that Defendant failed to respond to their repeated requests.  According to Plaintiffs, Defendant's recorded mortgage has created a cloud on Plaintiffs' title to the Property, and Defendant's failure to respond to their requests establishes that Defendant does not have any valid enforceable interest in the mortgage or the Property.  Plaintiffs do not allege that they did not sign the mortgage documents, and do not allege that they did not receive the funds.

Plaintiffs also claim that a cloud to their title exists based on Defendant recording an Assignment of Mortgage on the Property on August 30, 2012.  (Doc. 2, Exh. D).  Plaintiffs further allege that this assignment, and any interests claimed by Defendant, is invalid because Defendant never had any interest or claim to the Property which could be assigned or transferred.

---

[3] The "facts" in this section are taken from Plaintiffs' Complaint.  (Doc. 2).

Plaintiffs allege that they have repeatedly demanded that Defendant prove that it has any valid interest in the Property, and have demanded that Defendant remove, satisfy, and release the assignment. (Doc. 2, Exh. E). Plaintiffs further allege that Defendant failed to respond to their repeated requests. And, according to Plaintiffs, the assignment has created a cloud on Plaintiffs' title to the Property, and Defendant's failure to respond to their requests establishes that Defendant does not have any valid enforceable interest in the assignment or the Property.

Plaintiffs have attached to their Complaint recorded copies of the mortgage and assignment, containing Plaintiffs' witnessed and notarized signatures where appropriate, and each document is time stamped with the precise date and time of recording. (Doc. 2, Exhs. B, D). Plaintiffs request that the Court remove, satisfy, and release the purported mortgage and assignment, declare the mortgage and assignment null and void, and quiet title to the Property in favor of Plaintiffs and against Defendant.

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

Defendant has moved to dismiss Plaintiffs' Complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). (Doc. 5). Defendant asserts that the quiet title claim in the Complaint is frivolous and seeks dismissal of this case with prejudice.

#### 1. Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Id.* (quoting *Twombly*, 550 U.S. at 570).   The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.   *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).   In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."   *Id.*

The Eleventh Circuit utilizes a two pronged approach in its application of the holdings in *Ashcroft* and *Twombly*.   First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"   *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949).   In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."   *Id.* (quoting *Iqbal*, 129 S.Ct. at 1951-52).

### 2.   Analysis – Quiet Title Actions

To state a claim to quiet title in Florida, Plaintiffs must not only allege plausible facts showing their title to the land at issue, but also plausible facts showing that a cloud exists.   *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953).   "Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity."   *Id.* (citations omitted); *see also McDaniel v. McElvy*, 108 So. 820, 830 ("Thus, if the suit is brought to remove a particular cloud, the facts which show the

existence – actual, apparent, or potential – of that cloud are essential parts of the complainant's cause of action, and must be alleged.") (citation omitted).

Plaintiffs have failed to plead any plausible facts to show that Defendant's mortgage and/or the assignment are invalid.  Their argument that Defendant's failure to respond to their demands for proof that Defendant ever lent Plaintiffs money is frivolous and is unsupported by any legal authority.  More specifically, Plaintiffs have not alleged in their Complaint, nor asserted in their response in opposition, any legal theory establishing that failure to acknowledge in writing a recorded mortgage creates a possible cloud to title.  Moreover, Plaintiffs themselves attached to their Complaint recorded copies of the mortgage and assignment.  These documents show that Defendant lent Plaintiffs the sum of money at issue, that Plaintiffs signed off on and agreed to the loan, and establish the assignment of the loan.  Thus, Plaintiffs' allegations are directly rebutted by the exhibits they attach to their Complaint.  *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (per curiam) ("It is the law in this circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'") (citations omitted).

In sum, Plaintiffs have merely asserted that their lender failed to respond to demands for proof and demands to rescind the loan.  Plaintiffs have not alleged that the loan was invalid or non-existent, or that they did not receive any benefit from the loan.  Plaintiffs also have not alleged that the loan was improperly executed, or was fictitious or fraudulent.  Nor does it appear that the Plaintiffs could allege such facts, as they would contradict the loan documents attached to the Complaint.  Rather, Plaintiffs have simply made barebones allegations concerning Defendant's failure to respond to various demands.  This does not come close to properly alleging a claim for quiet title in Florida, and the Plaintiffs, who bear the burden of proof in a

quiet title action, do not make any cognizable arguments in their response in opposition which would prevent dismissal.  Therefore, Defendant's motion to dismiss will be granted, and the Complaint will be dismissed with leave to amend.  *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

### B.  Defendant's Motion for Sanctions

Defendant, pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and Fla. Stat. § 57.105, seeks sanctions against Plaintiffs individually and/or against their counsel, Ms. Bosecker, for filing a frivolous lawsuit and for causing unnecessary delay.  Notably, Plaintiffs have failed to respond.  At this time, however, Defendant's request for sanctions is due to be denied without prejudice in light of the Court allowing Plaintiffs <u>one</u> opportunity to file an amended complaint. Notably, the Defendant, in refilling its request for sanctions (if it chooses to do so at a later date), must present sufficient legal argument, a measure of attorney's fees, proposed amounts for possible sanctions, and provide documentary support for the amount sought.

### III. CONCLUSION

Accordingly, upon due consideration, it is **ORDERED** as follows:

(1)      Defendant's Motion to Dismiss (Doc. 3) is **GRANTED** to the extent provided in this Order;[4]

(2)      Defendant's Motion for Sanctions (Doc. 19) is **DENIED without prejudice**;

---

[4] To the extent Defendant seeks summary judgment, such is **DENIED without prejudice** since the Court is providing Plaintiff an opportunity to file an amended complaint.  Defendant, however, is free to file a second motion for summary judgment at a later date, if appropriate.

(3)      Plaintiffs' Complaint (Doc. 2) is **DISMISSED without prejudice**.  On or before

**June 19, 2013**, Plaintiffs may file an amended complaint, if they can do so without violating

Fed. R. Civ. P. 11.[5]  The amended complaint shall not serve as an opportunity to add new claims.

Rather, this represents a chance for Plaintiffs to remedy the pleading deficiencies identified

herein.  If Plaintiffs file an amended complaint that fails to comply with Fed. R. Civ. P. 11, the

Court may consider sanctions against Plaintiffs and/or Plaintiffs' counsel.  *See* Fed. R. Civ. P.

11(c).  Failure to file an amended complaint within this time period may result in the dismissal of

this case without further notice.  **No extensions of time will be granted**.

        **DONE** and **ORDERED** in Ocala, Florida on May 30, 2013.


PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:  Counsel of Record

_____

[5] Fed. R. Civ. P. 11(b) provides:

> **Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.