UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TREVOR FITZGERALD,
INDIVIDUALLY,
SONIA FITZERGALD,
INDIVIDUALLY,
and BEN. W. FITZERALD,
INDIVIDUALLY,**

    **Plaintiffs,**

v.                                                                                  Case No: 5:13-cv-36-Oc-10PRL

**REGIONS BANK D/B/A REGIONS
MORTGAGE; JOHN AND JANE DOES,**

    **Defendants.**

## ORDER

This matter is before the Court on the Renewed Motion for Sanctions (Doc. 36) filed by Defendant Regions Bank. Plaintiffs filed an untimely response objecting to the motion for sanctions. (Doc. 37). This case was previously referred to the undersigned to conduct all proceedings and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The Defendant's motion is due to be **GRANTED**.

**I.   BACKGROUND**

    **A.  Kelley Bosecker and Related Quiet Title Actions**

This case is one of seven similar quiet title actions filed in the Ocala Division, and Kelley Bosecker, Esquire, represents the plaintiff (as she does here) in each one.[1] All seven cases are

---

[1] *Barrios v. Regions Bank*, 5:13-cv-29-ACC-PRL*; Lehrer et al. v. Regions Bank*, et al, 5:13-cv-30-PRL; *Fitzgerald et al v. Regions Bank et al.*, 5:13-cv-PRL; *Huff et al v. Regions Bank*, 5:13-cv-63-ACC-PRL; *Gonzalez v. GMAC Mortgage, et al*, 5:13-cv-72-ACC-PRL; *Grisales et al v. Ocala National Bank*, 5:13-cv-84-WTH-PRL; *Lluis v. Bank of America*, 5:13-cv-130-ACC-PRL.

based on the same legal theory, i.e., that failure to acknowledge in writing a recorded note, mortgage or assignment somehow creates a possible cloud on the plaintiff's title. Although Ms. Bosecker has relied upon this same theory in these cases, she has failed to cite any legal authority to support it.

All seven cases were filed in state court and removed to this Court. Upon removal, the Clerk promptly notified Ms. Bosecker that she was not a member of the Bar of the Middle District of Florida and that she must seek admission under Local Rule 2.01. (Doc. 7). Although this notice is generally sufficient to prompt the relatively simple admissions process, it took Ms. Bosecker approximately five weeks after this action was removed to finalize the process and the Court was placed in the unfortunate position of micromanaging her admission. (*See, e.g.*, Docs. 7, 21). On March 15, 2013, the Court was forced to remove Ms. Bosecker as counsel of record in this case because she was not yet a member of this Bar. (Doc. 21). It was not until March 29, 2013, that Ms. Bosecker filed a notice of appearance after finally being admitted to the Bar of the Middle District. (Doc. 24). Ms. Bosecker's poor handling of the admissions process was consistent with her level of practice in all of the seven actions, which consistently fell below the level expected of lawyers practicing in this Court. ((*See e.g., Barrios v. Regions Bank,* 5:13-cv-29-Oc-22PRL Doc. 52 at 2; *Gonzalez v. GMAC Mortgage, et al,* 5:13-cv-72-ACC-PRL, Doc. 36 at 2*).*

### B. The *Fitzgerald* Action

This action was initiated in state court when Plaintiffs filed, by and through their counsel, Ms. Bosecker, the present action to quiet title to real property located at 10045 SE 42 Court, Belleview, Florida ("Property") (Doc. 2). In the Amended Verified Complaint, Plaintiffs alleged that on June 29, 2010, Defendant Regions Bank D/B/A Regions Mortgage recorded in Marion

County, Florida's Official Records, a mortgage on the Property and in the mortgage Defendant purported to lend Plaintiffs $143,073.00 secured by the Property. Although Plaintiffs appear to allege that Defendant never lent them $143,073.00, Plaintiffs attached to their Complaint a copy of the recorded mortgage. (Doc. 2, Ex. B).

Plaintiffs allege that they "repeatedly demanded" that Defendant "prove it had any valid interest in Plaintiff's property." (Doc. 2, ¶ 13). Plaintiffs have attached to their Complaint several exhibits, which they apparently sent Defendant in an attempt to dispute Defendant's interest in their property. (Doc. 2, Ex. E). According to Plaintiffs, these failures to respond to their demands have created a cloud on their title. Oddly, although Plaintiffs claim that the Defendants have no valid enforceable interest in the Property, they complain that the Defendants failed to comply with Plaintiffs' demands that they remove, satisfy, and release the purported mortgage and assignment. As relief, Plaintiffs ask the Court to deem the mortgage and assignment cancelled, null and void.

On January 24, 2013, Defendant removed this action to federal court based on diversity jurisdiction, and filed a motion to dismiss for failure to state a claim, or in the alternative, for summary judgment. (Doc. 1, 5). The Court granted Defendant's motion to dismiss, and Plaintiff was granted leave to file an Amended Complaint. (Doc. 31, 32). On August 29, 2013, the Court granted Defendant's subsequent motion to dismiss the case as frivolous (Doc. 34) and the Clerk entered judgment. (Doc. 35).

Plaintiffs' Amended Complaint (Doc. 32), which was filed by Ms. Bosecker, was based on the same frivolous and unsupported legal theory that this Court and other courts have repeatedly rejected– i.e., that failure to acknowledge in writing a recorded note, mortgage or

assignment somehow creates a possible cloud on Plaintiff's title. Accordingly, the Court dismissed this action with prejudice for failure to state a cognizable claim. (Doc. 35).

On January 25, 2013, at the same time the case was removed to this Court, Defendant served on Ms. Bosecker a Rule 11 and Fla. Stat. § 57.105 safe harbor letter and motion for sanctions. (Doc. 19-1, p. 21-22). Defense counsel advised Ms. Bosecker "[R]ecent case law in actions for quiet title similar to the allegations in this case unequivocally establish that the claim alleged in this case has no merit." (Doc. 19-1, p. 21).

As Defendant correctly observes, rather than heed the warnings, Ms. Bosecker continued to prosecute this lawsuit and file frivolous documents with the Court. As has already been noted, Ms. Bosecker's failure to gain admission to the Middle District caused delays and wasted judicial resources. Ms. Bosecker also filed a Motion to Remand to State Court (Doc. 13), and the Amended Complaint (Doc. 32), both of which the Court found to be completely without merit.

On November 4, 2013, Defendant filed the Renewed Motion for Sanctions that is currently before the Court. Plaintiffs neglected to respond for more than two months, only filing a response objecting to the requested sanctions on January 7, 2014. (Doc. 37). This pattern is consistent with Ms. Bosecker's practice before this court, and does not bode well for her under the circumstances.

**II.     DISCUSSION**

Defendant seek sanctions in the form of their attorneys' fees and costs, against Plaintiffs and Ms. Bosecker, pursuant to Federal Rule of Civil Procedure 11, Florida Statute § 57.105, 28 U.S.C. § 1927, and the Court's inherent power.

**A. Legal Framework**

Pursuant to Rule 11, when an attorney files a pleading, written motion, or other paper, the attorney signs it to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery.  Fed.R.Civ.P. 11(b).

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts."  *Peer v. Lewis*, 606 F.3d 1306,1311 (11th Cir. 2010).  To accomplish this purpose, Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual contentions in a pleading, motion, or other paper; it emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention.  *See* Advisory Committee Notes to Rule 11, 1993; *see also, Coleman v. Circle K. Stores, Inc.*, No. 6:10-cv-1425-Orl-28GJK, 2012 WL 5334116, *2 (M.D. Fla. Oct. 1, 2012).

In determining whether Rule 11 sanctions are warranted, the Court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous."  *Id*. (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001).  The Court should avoid using the "wisdom of hindsight" and should "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted."  *Peer*, 606 F.3d at 1311 (quoting Fed. R. Civ. P. 11 advisory committee note of 1983).

Likewise, Florida Statute § 57.105 is intended to discourage baseless filings and provides, in relevant part:[2]

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

Both Rule 11 and § 57.105 contain safe harbor provisions requiring the moving party to serve the offending party with the motion at least 21 days before the motion is filed with the Court. The moving party cannot file the motion if, within those 21 days, the offending party withdraws or corrects the challenged conduct. Fed. R. Civ. P. 11(c)(2); Fla. Stat § 57.105(4).[3]

Unlike Rule 11 and Fla. Stat. § 57.105, which primarily focus on pleadings, written motions, or other papers, 28 U.S.C. § 1927 is directed at the unreasonable and vexatious multiplication of proceedings and requires attorneys to avoid dilatory tactics throughout the entire litigation. *Peer v. Lewis*, 606 F.3d 1306, 1313-14 (11th Cir. 2010). "To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot

---

[2] In a diversity action, such as this, the substantive law of the forum state is applied, along with federal procedural law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Eleventh Circuit has noted that "[a]ttorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." *BankAtlantic v. Blythe Eastman Paine Webber, Inc*, 955 F.2d 1467, 1478 n. 11 (11th Cir. 1992). Because § 57.105 is substantive, it can be applied in federal court in the proper case. *See Fidelity Land Trust Company, LLC v. Security National Mortgage Company*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *1 (M.D. Fla. Jan. 7, 2013).

[3] Here, there is no dispute that counsel for Defendant GMAC and counsel for Defendant M&S complied with these safe harbor provisions. (Docs. 22, 42-1, 46).

exceed the costs occasioned by the objectionable conduct." *Id*. An attorney multiplies the proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id*. Bad faith is an objective standard that is met when an attorney knowingly and recklessly pursues a frivolous claim. *Id*.

Finally, the Court has inherent authority to manage its affairs and sanction parties or counsel for conduct that abuses the judicial process. *Fidelity Land Trust Company, LLC v. Security National Mortgage Co.*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013). The court's inherent power "extends to a full range of litigation abuses," but it requires a showing of bad faith and this standard narrows the range of conduct that satisfies the threshold for sanctions. *Peer*, 606 F.3d at 1314-15 (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991)).

### B. Sanctions Should Be Imposed

Although Plaintiffs argue that sanctions are not appropriate in this case, the Court disagrees. There was no plausible basis in law or fact for the filing of this action, which should have been clear by reading the case law. This is not a situation in which a lawsuit was filed in good faith and later discovery revealed that there was not a basis for it. Rather, Plaintiffs' claims against Defendant were based upon a legal theory that had absolutely no chance of success and which cannot be characterized as reasonable arguments to change existing law. Indeed, despite bald assertions that they have stated a viable claim, Plaintiffs have not cited any legal authority to support their theory.

Although Defendant sent Ms. Bosecker a Rule 11 and § 57.105 safe harbor letter with motions for sanctions to counsel, Plaintiffs did not withdraw their claim. Defendant ultimately prevailed when the Court dismissed Plaintiffs' Amended Complaint with prejudice. (Doc. 34).

In the interim, however, Defendants were forced to defend against this action, including the Motion to Remand and Amended Complaint. Accordingly, sanctions should be imposed pursuant to Fla. Stat. § 57.105 because, as discussed above, at the time Plaintiffs filed their Complaint (by and through Ms. Bosecker), their claims were neither supported by the material facts necessary to establish the claims nor by the application of then-existing law to those material facts. Section 57.105 specifically provides that under these circumstances, the court "shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney."

Plaintiffs observe that, under Florida law, it is emphasized that Fla. Stat. §57.105 should be exercised with restraint "to ensure that it serves the purpose for which it was intended," citing *Bridgestone/Firestone, Inc. v. Herron*, 828 So. 2d 414, 419 (Fla. 1st DCA 2002). Indeed, for the reasons explained, the Court finds that imposition of sanctions in this case would serve precisely the purpose for which § 57.105 was intended.

Moreover, although Rule 11, Fed. R. Civ. P., does not apply to the filing of the original Complaint in state court, see *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994), Defendant argues, and the Court agrees, that Ms. Bosecker violated Rule 11 by continuing to pursue the frivolous claims after removal and by filing motions and other papers that had no reasonable factual or legal basis, including the motion to remand, and the (equally frivolous) Amended Complaint.

Plaintiffs and Ms. Bosecker were repeatedly advised – both by Defendant and the Court – that Plaintiffs' claims were frivolous. Nonetheless, Plaintiffs proceeded with this action and Defendant was forced to defend against the frivolous claims. Ms. Bosecker continued to pursue Plaintiffs' claims well after Defendants served a Rule 11 and § 57.105 safe harbor letter and

motion to dismiss (Doc. 5) showing that Plaintiffs' legal theory had been rejected by other courts. Then, although the Court reminded Plaintiffs and Ms. Bosecker of the requirements of Rule 11, and admonished Plaintiffs that they could not add new claims to an amended pleading (Doc. 31), Plaintiffs filed an Amended Complaint that was based on the same legal theory that the Court had repeatedly rejected in this case and other similar actions. (Doc. 32).

Ms. Bosecker's conduct in pursuing these frivolous claims also warrants sanctions against her pursuant to 28 U.S.C. § 1927.[4] The undersigned has no trouble concluding that Ms. Bosecker engaged in unreasonable and vexatious conduct and that her conduct multiplied the proceedings by filing the motion to remand, and the frivolous Amended Complaint. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280-82 (11th Cir. 2010). Remarkably, Plaintiffs continue to reiterate the same legal theories that have already been rejected in this case and similar actions in their Objections to the sanctions motion. (Doc. 37).

Alternatively, the Court should exercise its inherent powers to impose sanctions against Plaintiffs and Ms. Bosecker because Defendants were forced to spend significant time and money defending against Plaintiffs' meritless lawsuit. The Court may tax attorneys' fees and costs "when [the client, attorney, or both] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fidelity Land Trust Co., LLC v. Security Nat. Mortg. Co.*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013)(*quoting Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)). Grounds for a bad faith award exist – when, as here – Plaintiffs bring a groundless suit and force Defendants to expend time and effort conducting their defense. *Gordon v. Heimann*, 715 F.2d 531, 539 (11th Cir. 1983).

---

[4] Section 1927 does not apply to an initial complaint. *Macort v. Prem, Inc.,* 208 F. App'x 781, 786 (11th Cir. 2006).

Under these circumstances, the Court finds that sanctions in the form of reasonable attorneys' fees and costs are warranted against both Plaintiffs and Ms. Bosecker under Fla. Stat. § 57.105 and the Court's inherent authority, and additionally that such sanctions are warranted against Ms. Bosecker pursuant to Rule 11, Fed. R. Civ. P.[5], and 28 U.S.C. § 1927. Plaintiffs and Ms. Bosecker should be ordered to pay reasonable attorneys' fees and costs to defend this action from the date Defendant was served with original process (pursuant to Fla. Stat. § 57.105 and the Court's inherent authority) through the conclusion of these proceedings (pursuant to Fla. Stat. § 57.105, Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority).

### C. Reasonable Attorney's Fees

Defendant seeks a total of $11,347.07 in attorneys' fees. In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman*, 836 F.2d at 1302.

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City*

---

[5] Although Rule 11 sanctions can be awarded against a party and/or counsel, monetary sanctions cannot be imposed against a represented party for violating Rule 11(b)(2) which requires counsel to certify that the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(c)(5). Because the undersigned concluded that Ms. Bosecker violated Rule 11(b)(2) (as well as other subsections of Rule 11), the undersigned declines to impose monetary sanctions in the form of attorneys' fees and costs on Plaintiff pursuant to Rule 11.

*of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### 1. *Reasonableness of Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

Defendant requests $289.23 per hour for attorney D. Brian O'Dell who has 15 years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $258.01 per hour for attorney Hope T. Cannon, who has 13 years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $225.12 per hour for attorney Hall Eady who has nine years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $183.76.00 per hour for attorney Jessica L. Jones, an associate at the same firm in her fourth year of practice; $179.48 per hour for attorney Blake Goodsell, an associate at the same firm in his third year of practice; $126.36 per hour for Jamie Mathews a paralegal with two years of experience; and $137.48 per hour for Emily R. Powell a paralegal who attended law school and obtained a J.D. degree.

To support the requested hourly rates, Defendants point to similar cases in this District in which the same counsel and paralegals recently sought similar rates for fees as they do here, and the court granted their motion. (Doc. 36 at 13; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al.*, Case No. 6:12-cv-1367-RBD-TBS; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al.*, Case No. 8:12-cv-1930-EAK-MAP). In addition, Defendants cite to several other cases from this District where the court found commensurate rates to be reasonable. (*See* Doc. 36 at 14-15).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *Scelta v. Delicatessen Support Serv., Inc.*, 203 F.Supp.2d 1328, 1331 (M.D.Fla. 2002). Here, based upon the Court's own experience and familiarity with rates in the Ocala Division, the undersigned finds that the requested rates are in line with the prevailing market rates. In fact, in a recent similar case before this Court, the same counsel requested and was approved slightly higher billing rates. Accordingly, the Court finds that the Defendant's counsel's hourly rates are reasonable.

### 2. *Reasonableness of Hours Expended*

Next, the Court must determine the number of hours reasonably expended on the litigation. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.* Work by paralegals is recoverable "only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

Notwithstanding Plaintiffs' failure to raise any objection to Defendant's calculation of time expended on this case, the undersigned has conducted a thorough evaluation on its own. Based on the attached billing records, the following hours were expended on the case:

| | |
|---|---|
| D. Brian O'Dell | 3.90 hours |
| Hope T. Cannon | .90 hours |
| Hall Eady | 1.0 hours |
| Jessica Jones | 12.50 hours |
| Blake Goodsell | 27.50 hours |
| Jamie Matthews | 1.30 hours |
| Emily Powell | 17.20 hours |

The undersigned finds that the requested 64.30 hours of attorney time is reasonable to expend on this case and consistent with the Court's recent rulings in the related cases. This amount is reasonable in light of the work required by counsel for Defendant to respond to Plaintiff's Complaint, Motion for Remand, Amended Complaint as well as the Motion for Sanctions and Renewed Motion for Sanctions.

However, the billing records show that Defendant is seeking reimbursement for some clerical work by paralegals.[6] While it appears that counsel actually billed their client for this work, the undersigned finds that the charges are not appropriately shifted to Plaintiffs. Accordingly, the undersigned recommends a 10% across the board reduction for paralegal time, which results in the following award:

---

[6] Although not an exhaustive list, the following are examples of clerical work for which Defendant seeks recovery: 8/7/13, Retrieve and review docket to confirm assigned Judge and research for Judge's contact information; and 8/30/13 Review and gather invoice and fee information in preparation of motion for sanctions. (Doc. 36-1, p. 41).

| Jamie Mathews | 1.23 hours |
| --- | --- |
| Emily Powell | 15.48 hours |

*Summary of Reasonable Attorneys' Fees*

In summary, the undersigned recommends that a reasonable lodestar for Attorney O'Dell is 3.90 hours at $289.23 for a fee award of $1,127.99; Attorney Cannon is .90 hours at $258.01 per hour for a fee award of $232.21; Attorney Eady is 1.0 hours at $225.12 per hour for a fee award of $225.12; Attorney Jones is 12.50 hours at $183.76 per hour for a fee award of $2,296.97; Attorney Goodsell is 27.5 hours at $179.48 per hour for a fee award of $4,935.59; Paralegal Matthews is 1.23 hours at $126.63 per hour for a fee award of $155.75; and Paralegal Powell is 15.48 hours at $137.48, for a fee award of $2,128.19, with a total lodestar award of **$11,101.82**

**D. Costs**

Finally, Defendant seeks costs in the amount of $3,281.68 for the expenses, including copy charges, postage, USDC removal fee, Federal Express, Title Search, Copy of State Court File, Airline Tickets, Travel Expense, Meal Expense, Legal Research, and Pacer service. Of these, only Copy Charges of $45.30, USDC removal fee of $350.00, Copy of State Court File of $362.50, and Pacer service of $25.20 can be construed as reasonably necessary and recoverable under 28 U.S.C. § 1920.[7] Accordingly, Defendant is entitled to **$783.00** in costs.

---

[7] Section 1920 provides that a judge may tax as costs: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

### III.     CONCLUSION

For the reasons stated above, it **ORDERED** that Plaintiff's Objections (Doc. 37) are **OVERRULED**.  Defendant's Renewed Motion for Sanctions (Doc. 36) is **GRANTED**, and sanctions in the form of attorneys' fees in the amount of **$11,101.82** and costs in the amount of **$783.00** are imposed jointly against Plaintiffs, Trevor Fitzgerald, Sonia Fitzgerald, and Ben W. Fitzgerald, and their lawyer, Kelley Bosecker.

**DONE** and **ORDERED** in Ocala, Florida on January 14, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
Courtroom Deputy